IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOU TYLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1597-K-BN |
| | § | |
| PHH MORTGAGE SERVICE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Lou Tyler filed this lawsuit *pro se* in a Dallas County, Texas state court, which arises out of foreclosure proceedings concerning her home on Reitz Drive, in Cedar Hill, Texas. *See* Dkt. No. 1-5.

Defendant PHH Mortgage Corporation d/b/a PHH Mortgage Services, successor by merger to Ocwen Loan Servicing, LLC ("PHH") removed Tyler's lawsuit to federal court. *See* Dkt. No. 1.

United States District Judge Ed Kinkeade then referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

**Background**

This lawsuit appears to be Tyler's eighth lawsuit in this district against PHH (or its successor Ocwen) and Deutsche Bank National Trust Company concerning the home on Reitz Drive. *See Tyler v. PHH Mortg. Corp.*, No. 3:19-cv-3007-C-BT, 2020 WL 5520609, at *1 (N.D. Tex. Sept. 4, 2020) (setting out the history of the prior

proceedings), *rec. adopted & issuing sanctions warning*, 2020 WL 5514212 (N.D. Tex. Sept. 14, 2020) ("*Tyler VI*"), *appealed dismissed*, 2021 WL 3640042 (5th Cir.), *cert. denied*, 142 S. Ct. 404 (2021); *see also Tyler v. PHH Mortg. Serv.*, No. 3:23-cv-981-K-BN, 2024 WL 816262, at *1 (N.D. Tex. Feb. 8, 2024), *rec. adopted*, 2024 WL 815521 (N.D. Tex. Feb. 27, 2024) ("*Tyler VII*").

And, on September 14, 2020, the court in *Tyler VI* dismissed Tyler's lawsuit with prejudice, granting the defendants' motion to dismiss based on res judicata and warning Tyler "that she may be subject to additional sanctions should she persist in the filing of duplicative and vexatious lawsuits." *Tyler VI*, 2020 WL 5514212, at *1; *see also Tyler v. Ocwen Loan Serv'g, L.L.C.*, 710 F. App'x 221 (5th Cir. 2018) (per curiam) (dismissing appeal as frivolous and cautioning Tyler "that future frivolous or repetitive filings in this court will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court or any court subject to this court's jurisdiction").

Tyler then filed another action in February 2023. *See Tyler v. PHH Mortg. Serv.*, No. 3:23-cv-981-K-BN. The Court dismissed that lawsuit as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) – based on res judicata – and imposed a prefiling sanction providing that "Plaintiff Lou Tyler is BARRED from proceeding either *in forma pauperis* or *pro se* in any action in this Court concerning foreclosure proceedings as to the home on Reitz Drive, in Cedar Hill, Texas – whether such an action is filed here, filed in state court and removed to this Court, or filed in another federal court and transferred to this Court – without first obtaining leave to proceed from a judge

of the Court in writing. *Tyler VII*, No. 3:23-cv-981-K-BN, Dkt. No. 56 at 1 (N.D. Tex. Feb. 27, 2024); *Tyler VII*, 2024 WL 816262, *rec. adopted*, 2024 WL 815521.

## Discussion

That Tyler is again pursuing another *pro se* action concerning foreclosure proceedings as to the home on Reitz Drive, in Cedar Hill, Texas, raising the same or essentially the same claims as she has in as many as seven prior lawsuits, may be reason enough to deny her leave to proceed *pro se* in the action.

But those same facts also mandate dismissal of this action on res judicata grounds – just as in *Tyler VI* and *Tyler VII* . And, so, for the sake of judicial economy, and to avoid protracted litigation as Tyler professes an inability to obtain legal representation, the Court should permit Tyler to proceed *pro se* <u>only</u> to file any objections to these findings, conclusions, and recommendations and should reserve ruling on whether to grant her leave to proceed *pro se* if the case is not dismissed with prejudice as the undersigned recommends here.

The state court record here does not reveal that Tyler sought to proceed *in forma pauperis* ("IFP") in state court, although, based on the state court docket sheet, she does not appear to have paid a filing fee in state court. *See* Dkt. No. 1-4. But, even outside of the IFP context, "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20,

2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted). "[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Here, the defendants have pleaded res judicata in their answer filed in state court. *See* Dkt. No. 1-9. But, although the defendants have not moved to dismiss, governing law "permits '[d]ismissal by the court *sua sponte* on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

"the litigation of claims that either have been litigated or should have

> been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified).

As to the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citation omitted)); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

Here, Tyler is again suing to stop foreclosure of the same property, this time raising, as PHH interprets her pleading, "allegations that PHH purportedly misapplied payments and denied her applications for a loan modification and that the statute of limitations has expired." Dkt. No. 1 at 1; *see* Dkt. No. 1-5.

Under these circumstances, all four conditions for dismissal based on res judicata are met here for the reasons set out in detail in *Tyler VI* and previously adopted in *Tyler VII*. *See Tyler VI*, 2020 WL 5520609, at *4-*6; *Tyler VII*, 2024 WL 816262, at *2-*3.

## Recommendation

The Court should *sua sponte* dismiss this lawsuit with prejudice as barred by res judicata.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 3, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE